ALD-071                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2486
_____

UNITED STATES OF AMERICA

v.

MARK ERIC ICKER,
                                          Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3:19-cr-00338-001)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2023
Before:  HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: February 3, 2023)
_____

OPINION<sup>*</sup>
_____

PER CURIAM

---

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Federal Prisoner Mark Icker appeals pro se from the District Court's denial of his motion for compassionate release. The Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

Icker, a former law enforcement officer, is currently serving a term of 180 months of imprisonment following his July 2020 conviction for two counts of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242. In April 2022, Icker filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on his medical conditions and the COVID-19 pandemic. Icker, who previously contracted COVID-19[1] and has refused available vaccines, argued that his underlying medical conditions, including, inter alia, hypertension, hereditary hemorrhagic telangiectasia (HHT), heart aneurysm, and asthma, made him "particularly susceptible to future strains" of COVID-19, and placed him at higher risk for severe illness. D.Ct. ECF No. 54 at 1-2. The Government opposed the motion. See D.Ct. ECF No. 57.

On July 8, 2022, the District Court denied Icker's motion, concluding that he had not presented extraordinary and compelling reasons justifying release. Among other factors, the District Court noted that, while Icker "suffers from serious medical conditions

---

[1] "Icker's medical records … indicate that when he previously contracted COVID-19, he had only mild symptoms without any lasting side-effects." D.Ct. ECF No. 62 at 4-5.

2

as reflected by his extensive BOP medical records," D.Ct. ECF No. 62 at 4, his refusal "to receive an available COVID-19 vaccine without reason [] necessarily precludes him from showing extraordinary and compelling reasons to justify his compassionate release," Id. at 6 (internal quotations and citation omitted). Further, the District Court noted, albeit in the alternative and in a footnote, that the factors under 18 U.S.C. § 3553(a) also weighed against release. Specifically, the District Court determined that "the need for the lengthy sentence imposed on Icker to reflect the utterly reprehensible nature of his offenses and his blatant abuse of power in order to coerce women to perform sex acts on him, to promote respect for the law, to provide just punishment for the offenses, and to afford adequate deterrence to his disturbing criminal conduct, overwhelmingly would not warrant a 90% sentence reduction." D.Ct. ECF No. 62 at 7, n.1. Icker appeals.[2]

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. Pursuant to § 3582(c)(1), a district court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a district court must consider the factors set forth in § 3553(a), to the extent that they are applicable. See

---

[2] After submitting his notice of appeal, Icker also filed a "renewed motion for compassionate release," see D.Ct. ECF No. 64, which the District Court construed as a motion for reconsideration of the same order that is the subject of this appeal. The District Court denied the motion on November 23, 2022. See D.Ct. ECF No. 70.

§ 3582(c)(1)(A). We review a district court's decision to deny a motion for compassionate release for abuse of discretion and will not disturb that decision absent "a definite and firm conviction that [the District Court] committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (internal quotation marks omitted). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We discern no abuse of discretion in the District Court's decision. The District Court recognized Icker's serious medical conditions, but noted that he received regular care for his conditions, including "periodic follow-up visits with cardiac specialists and cardiothoracic surgeons at highly regarded outside medical facilities, such as Duke Regional Hospital," and that he "remains capable of independent daily living in the prison setting." D.Ct. ECF No. 62 at 4 (internal quotations and citations omitted). While Icker's admittedly serious medical conditions may render him more vulnerable to becoming severely ill if reinfected with COVID-19, the District Court reasonably concluded that his refusal of the vaccine undermines his claim that extraordinary and compelling reasons justify release. See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) (reasoning that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release"). Even had Icker successfully shown extraordinary

4

and compelling circumstances as required by § 3582(c)(1)(A)(i), the District Court reasonably concluded that the § 3553(a) factors, including the nature and circumstances of the offense, the need to provide just punishment, and the need to afford adequate deterrence, counseled against compassionate release.

Because we discern no abuse of discretion in the District Court's decision, we will summarily affirm the District Court's judgment. See Third Circuit I.O.P. 10.6.[3]

---

[3]In light of our disposition, Icker's motion for the appointment of counsel is denied. We also deny as moot his motion to expedite the appeal. To the extent that his motion to expedite raises new claims for compassionate release or otherwise alleges new claims regarding inadequate medical care, those claims are not properly before this Court. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013) (explaining that this Court does not typically consider claims raised for the first time on appeal).